# EXHIBIT 1

8/28/2026 9:16 AM
26CV45842

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

AUSTIN HAAS,

Plaintiff,

v.

GEORGIA-PACIFIC WAUNA, LLC, a foreign limited liability company; GEORGIA-PACIFIC, LLC, a foreign limited liability company; GEORGIA-PACIFIC CONSUMER OPERATIONS, LLC, a foreign limited liability company; DOE CORPORATIONS 1-10; and JOHN DOE,

Defendants.

**Case No. ____________________**

**COMPLAINT (Personal Injuries)**
**(Civil Action; Negligence; Violation of the Employers Liability Law)**

**NOT SUBJECT TO MANDATORY ARBITRATION**

**JURY TRIAL REQUESTED**

**Prayer Amount: $2,500,000**
**Filing fee established by ORS 21.160(1)(d)**

Plaintiff alleges as follows:

1.

At all material times, Defendant Georgia-Pacific Wauna, LLC ("GP Wauna") was a foreign limited liability company authorized to do business in the State of Oregon with a registered agent, United Agent Group, Inc., 7185 SW Sandburg Street, Suite 110, Portland, Oregon 97223.

2.

At all material times, Defendant Georgia-Pacific, LLC ("GP") was a foreign limited liability company authorized to do business in the State of Oregon with a registered agent, United Agent Group, Inc., 7185 SW Sandburg Street, Suite 110, Portland, Oregon 97223.



BOTTINI, BOTTINI & OSWALD, P.C.
6420 S. Macadam Avenue
Portland, OR 97239
503 244-0064; 503 293-6637 (facsimile)

3.

At all material times, Defendant Georgia-Pacific Consumer Operations, LLC ("GP Consumer Operations") was a foreign limited liability company authorized to do business in the State of Oregon with a registered agent, United Agent Group, Inc., 7185 SW Sandburg Street, Suite 110, Portland, Oregon 97223.

4.

At all material times, Defendants GP Wauna, GP and GP Consumer Operations, between the each of them, owned and operated the Wauna Mill in Clatskanie, Oregon, manufacturing paper products.

5.

At all material times, on knowledge and belief, Defendant Doe Corporations 1-10 were and are corporations doing business in the State of Oregon, including Multnomah County, Oregon. These corporations, whose true identities are presently unknown to Plaintiff, were entities that contracted for or were charged with the responsibility for work including, but not limited to: conducting routine inspections and audits of the project site and owner and/or contractor's actions to ensure that employment would be safe and healthful for the place of the incident, owner or landlord of the location where the incident occurred, or were an agent consulted, hired, or contracted with Defendant GP Wauna and/or Defendant GP and/or Defendant GP Consumer Operations, and/or their agents, and/or failed to provide services. Said Doe Corporations 1-10 are designated fictitiously herein. Plaintiff reserves the right to amend the Complaint herein, if necessary, and to designate the names of said unknown defendants and intend that said amendments relate back to the filing of this complaint.

6.

At all material times, on knowledge and belief, Defendants employed Defendant John Doe, a resident of the State of Oregon, as a superintendent or assistant superintendent.



BOTTINI, BOTTINI & OSWALD, P.C.
6420 S. Macadam Avenue
Portland, OR 97239
503 244-0064; 503 293-6637 (facsimile)

7.

On August 30, 2024, Plaintiff Austin Haas was a resident of the State of Oregon and was working as a millwright apprentice for JH Kelly, LLC, a foreign limited liability company, performing his assigned duties as approved by the owner.

8.

Defendants and Plaintiff's employer, JH Kelly, LLC, entered into an agreement for JH Kelly, LLC to remove equipment (the Yankee Hood Project) from a Yankee Press structure that was being upgraded at Georgia Pacific's Wauna Mill in Clatskanie, Columbia County, Oregon.

9.

On August 30, 2024, Plaintiff, his co-workers, and Defendants, each of them, were engaged in the demolition and removal of an Ecamp component from the Yankee Press structure. Pursuant to the agreement of the owner, the subcontractor JH Kelly, LLC had agreed the Ecamp component should be rigged in a basket cradle using four wire rope slings in choker hitches and two chain come-a-long hoists to suspend and support the Ecamp while it was being cut away from the machine. They planned that the Ecamp component was to be cut free from the Yankee Press structure and have it rest in the rigged cradles for the next shift crew to come in and do more demolition above so that an overhead bridge crane could be utilized by workers to remove the Ecamp component.

10.

Defendants, including John Doe, were all required to comply with all applicable safety regulations and take all precautions necessary to protect the health and safety of the persons performing the work.

11.

While demolition and removing the Ecamp component, none of Defendants' representatives on shift knew the weight of the component and plaintiff and his co-workers did not ascertain the weight of the components they were removing. They used rigging equipment



BOTTINI, BOTTINI & OSWALD, P.C.
6420 S. Macadam Avenue
Portland, OR 97239
503 244-0064; 503 293-6637 (facsimile)

that was not sufficient to hold and support the weight of the Ecamp component. Plaintiff's co-workers used cables rated for 1.9 tons in the basket configuration they were using to suspend and support the Ecamp component. The Ecamp component weighed approximately 25,000 pounds (i.e. 12.5 tons).

12.

Defendants, between the each of them, were involved in safety meetings, safety inspections, site inspections, pre-task planning, and observing the work performed by JH Kelly, LLC. Defendants were fully aware how the Yankee Hood Project was being orchestrated and the weight of the Ecamp component. Defendants participated in events where it became apparent JH Kelly, LLC was unaware of, or not made aware of, the weight of the Ecamp component.

13.

Plaintiff was cutting the Ecamp component. Plaintiff was tied off to the equipment structure's frame with fall protection as required. He was kneeling with one leg tucked under the other for better protection while on the component he was cutting free with an angle grinder and a reciprocating saw. In the final cut, as the reciprocating saw came to within approximately ½ inch of remaining material to be cut, the rigging used could no longer support the weight of the component which caused the steel slings supporting it to break. The component then rotated as it was falling leaving Plaintiff hanging in mid-air in his fall protection system and his right ankle was smashed by the component.

**FIRST CLAIM FOR RELIEF**

**(<u>Negligence</u>)**

14.

Plaintiff realleges and incorporates paragraphs 1 through 13 as alleged above.



BOTTINI, BOTTINI & OSWALD, P.C.
6420 S. Macadam Avenue
Portland, OR 97239
503 244-0064; 503 293-6637 (facsimile)

15.

On or about August 30, 2024, Plaintiff was performing his work as a millwright apprentice for JH Kelly, LLC, under the supervision of Defendants, each of them, cutting an Ecamp component free when, due to the negligence of the Defendants as set forth below, rigging supporting the component failed and the component broke free crushing his right leg and ankle and causing him personal injuries as set forth below.

16.

Defendants were negligent in one or more of the following particulars which caused injury to the Plaintiff:

a) In failing to comply with their contractual obligations;

b) In failing to comply with all applicable local, state and federal regulations pertaining to work place safety;

c) In failing to ascertain whether the Ecamp component was safely rigged;

d) In failing to use wire rope sufficient to hold and support the weight of the Ecamp component;

e) In failing to provide diagrams, specifications, or the weight of the Ecamp component;

f) In failing to provide Plaintiff a safe place to work in violation of ORS 654.010;

g) In failing to comply with safety and health orders, decisions and rules in violation of ORS 654.022;

h) In failing to comply with general safety health provisions in violation of 29 CFR 1926.20;

i) In requiring Plaintiff to work in surroundings or under working conditions that were hazardous or dangerous to his health and safety in violation of 29 CFR 1926.20(a)(1);

j) In failing to comply with their own safety rules and procedures;

k) In failing to comply with 29 CFR 1926.251(a)(2)(ii) – Rigging equipment for material handling (employers must ensure that rigging equipment not be loaded in excess of its recommended safe working load as prescribed on the identification markings by the manufacturer);



BOTTINI, BOTTINI & OSWALD, P.C.
6420 S. Macadam Avenue
Portland, OR 97239
503 244-0064; 503 293-6637 (facsimile)

l) In failing to comply with 29 CFR 1910.184(c)(slings shall not be loaded in excess of their rated capacities);

m) In failing to comply with 29 CFR 1910.184(9)(all employees shall be kept clear of loads about to be lifted and of suspended loads);

n) In failing to comply with 29 CFR 1910.184(13)(employers must not load a sling in excess of its recommended safe working load as prescribed by the sling manufacturer on the identification markings permanently affixed to the sling);

o) In failing to comply with 29 CFR 1926.251(c)(9) – Rigging equipment for material handling (slings shall be padded or protected from the sharp edges of their loads);

p) In failing to have a qualified and/or certified rigger.

17.

As a result of Defendants' negligence, the Ecamp component smashed Plaintiff's right leg and ankle causing injuries, some or all of which may be permanent and which include but are not limited to a wrenching, tearing and twisting of the muscles, tendons, ligaments and soft tissues of the right leg and ankle. Plaintiff also sustained a right ankle syndesmotic joint disruption, right distal fibular open comminuted fracture, right medial talar osteochondral open fracture, right distal tibia pilon open comminuted fracture, and right ankle post traumatic osteoarthritis. Plaintiff has had three surgeries on his right leg and ankle. Some or all of Plaintiff's injuries are permanent and have caused Plaintiff to sustain economic damage, including past and future medical expenses, lost wages and a loss of earning capacity, all to his economic damage in an amount to be determined at the time of trial but not to exceed $750,000.

18.

As a further result of Defendants' negligence as alleged above, Plaintiff also suffered non-economic damages, including, but not limited to, past and future pain and suffering, mental and emotional distress, as well as past and future inconvenience and interference with normal



BOTTINI, BOTTINI & OSWALD, P.C.
6420 S. Macadam Avenue
Portland, OR 97239
503 244-0064; 503 293-6637 (facsimile)

and usual activities, apart from his gainful employment. Plaintiff is entitled to recover non-economic damages in an amount to be determined at trial, but not to exceed $1,750,000.00.

**SECOND CLAIM FOR RELIEF**

**(<u>Violation of Employer Liability Law (ORS 654.305)</u>)**

19.

Defendants violated the Employer Liability Law (hereafter "ELL") as set forth below, causing injuries to the Plaintiff as set forth below.

20.

Plaintiff realleges and incorporates paragraphs 1 through 13 as alleged above.

21.

Defendants and John Doe together, between the each of them, were working in a joint enterprise in which activities and employees of Defendants and the Plaintiff's employer were comingled. Defendants were engaged in work with a common purpose.

22.

Plaintiff and Defendants were engaged in work involving risk and danger.

23.

At the time of Plaintiff's injury, Defendants retained the right to control the work and/or instrumentality or conditions which caused harm to Plaintiff.

24.

Defendants failed to provide Plaintiff with a safe place to work and violated the Employer Liability Law generally and in the following particulars:

a) In failing to use every device, care and precaution practicable to use for the protection and safety of life and limb as required by ORS 654.305;

b) In failing to comply with their own safety rules and/or procedures;



BOTTINI, BOTTINI & OSWALD, P.C.
6420 S. Macadam Avenue
Portland, OR 97239
503 244-0064; 503 293-6637 (facsimile)

c) In failing to comply with all applicable local, state and federal regulations pertaining to work place safety;

d) In failing to ascertain whether the Ecamp component was safely rigged;

e) In failing to use wire rope sufficient to hold and support the weight of the Ecamp component;

f) In failing to provide diagrams, specifications, or the weight of the Ecamp component;

g) In failing to provide Plaintiff a safe place to work in violation of ORS 654.010;

h) In failing to comply with safety and health orders, decisions and rules in violation of ORS 654.022;

i) In failing to comply with general safety health provisions in violation of 29 CFR 1926.20;

j) In requiring Plaintiff to work in surroundings or under working conditions that were hazardous or dangerous to his health and safety in violation of 29 CFR 1926.20(a)(1);

k) In failing to comply with 29 CFR 1926.251(a)(2)(ii) – Rigging equipment for material handling (employers must ensure that rigging equipment not be loaded in excess of its recommended safe working load as prescribed on the identification markings by the manufacturer);

l) In failing to comply with 29 CFR 1910.184(c)(slings shall not be loaded in excess of their rated capacities);

m) In failing to comply with 29 CFR 1910.184(9)(all employees shall be kept clear of loads about to be lifted and of suspended loads);

n) In failing to comply with 29 CFR 1910.184(13)(employers must not load a sling in excess of its recommended safe working load as prescribed by the sling manufacturer on the identification markings permanently affixed to the sling);

o) In failing to comply with 29 CFR 1926.251(c)(9) – Rigging equipment for material handling (slings shall be padded or protected from the sharp edges of their loads);

p) In failing to have a qualified and/or certified rigger;

q) In failing to fulfill the employer's responsibilities in violation of OAR 437-001-0760(1)(b)(A)(B), (1)(c) and (1)(d).

25.

As a result of Defendants' violation of the Employer Liability Law, as alleged above, the



BOTTINI, BOTTINI & OSWALD, P.C.
6420 S. Macadam Avenue
Portland, OR 97239
503 244-0064; 503 293-6637 (facsimile)

Ecamp component smashed Plaintiff's right leg and ankle causing permanent injuries, including, but not limited to, a wrenching, tearing and twisting of the muscles, tendons, ligaments and soft tissues of the right leg and ankle. Plaintiff also sustained a right ankle syndesmotic joint disruption, right distal fibular open comminuted fracture, right medial talar osteochondral open fracture, right distal tibia pilon open comminuted fracture, and right ankle post traumatic osteoarthritis. Platiniff has had three right leg and ankle surgeries. Plaintiff's injuries are permanent and have caused Plaintiff to sustain economic damage, including past and future medical expenses, lost wages and a loss of earning capacity, all to his economic damage in an amount to be determined at the time of trial, but not to exceed $750,000.00.

26.

As a further result of Defendants' violation of the Employer Liability Law, as alleged above, Plaintiff also suffered non-economic damages, including, but not limited to, past and future pain and suffering, mental and emotional distress, as well as past and future inconvenience and interference with normal and usual activities, apart from his gainful employment. Plaintiff is entitled to recover non-economic damages in an amount to be determined at trial, but not to exceed $1,750,000.00.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

**On Plaintiff's FIRST CLAIM FOR RELIEF (Negligence):**

1. Economic damages in an amount to be determined at trial, but not to exceed the amount of $750,000.00.
2. Non-economic damages in an amount to be determined at trial, but not to exceed the amount of $1,750,000.00.
3. Plaintiff's costs and disbursements incurred herein.
4. Such other and further relief as the court deems just and equitable.



BOTTINI, BOTTINI & OSWALD, P.C.
6420 S. Macadam Avenue
Portland, OR 97239
503 244-0064; 503 293-6637 (facsimile)

**On Plaintiff's SECOND CLAIM FOR RELIEF (Violation of Employer Liability Law (ORS 654.305):**

1. Economic damages in an amount to be determined at trial, but not to exceed the amount of $750,000.00.
2. Non-economic damages in an amount to be determined at trial, but not to exceed the amount of $1,7500,000.00.
3. Plaintiff's costs and disbursements incurred herein.
4. Such other and further relief as the court deems just and equitable.

**DATED**: August 28, 2026.

Respectfully submitted,

BOTTINI, BOTTINI & OSWALD, P.C.

*/s/ John M. Oswald*
John M. Oswald, OSB No. 924203
Of Attorneys for Plaintiff
Email: oswaldlaw@hotmail.com

LAW OFFICE OF JEFFREY S. MUTNICK

*/s/ Jeffrey S. Mutnick*
Jeffrey S. Mutnick, OSB No. 721784
Of Attorneys for Plaintiff
E-mail: jmutnick@mutnicklaw.com



BOTTINI, BOTTINI & OSWALD, P.C.
6420 S. Macadam Avenue
Portland, OR 97239
503 244-0064; 503 293-6637 (facsimile)